**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIGNESH LEVA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 1:26-cv-00300 JLT CDB<br><br>ORDER DENYING MOTION TO REMAND<br><br>(Doc. 6) |

Jignesh Leva moves to remand this "lemon law" case to state court, where he originally filed it against Mercedes-Benz USA, LLC and several unidentified Doe defendants. (Doc. 6.) Mercedes has carried its burden to show this court has jurisdiction under the federal removal and diversity statutes, so the motion is **DENIED**.

## BACKGROUND

Leva bought a new Mercedes-Benz G63 AMG in July 2021. (Doc. 1-3 at 7.) Financial documents from that time show that Leva agreed to pay a $100,000 downpayment and more than $200,000 in monthly installments over the next five years. (*See* Doc. 1-5 at 2.) He alleges in this case that the SUV had many problems, from engine issues to a defective battery. (Doc. 1-3 at 8.) He filed this lawsuit in state court in November 2025 under the California Song-Beverly Act after several repair attempts failed. (*Id.* at 10–13.) Mercedes removed the case to this court the next January. (Doc. 1.) Mercedes alleges that Leva is a citizen of California and that the defendants

1

are citizens of Delaware, Georgia, or Michigan. (*Id.* at 5–8.) It estimates that the value in controversy is greater than $800,000, citing Leva's request for an order directing the company to repurchase the SUV and pay civil penalties under the Song-Beverly Act. (*See id.* at 5.)

Leva moves to remand the case to state court. (Doc. 6.) He relies on four arguments. First, he points out that Mercedes chose to litigate cases like this one under a suite of recently enacted state-law rules. He argues that Mercedes's election either deprives this court of jurisdiction or demonstrates that Mercedes should be estopped from litigating in a federal district court under federal procedural rules. (*See id.* at 6–9.) Second, Leva argues that Mercedes has not demonstrated that he is a citizen of California. (*Id.* at 9–10.) Third, he argues that Mercedes has not demonstrated that his lawsuit puts more than $75,000 in controversy. (*Id.* at 10–13.) Finally, he urges the court to "veto removal jurisdiction" under principles of federal-state comity and fairness. (*See id.* at 13–16.)

**DISCUSSION**

Federal law allows a defendant to remove a case from a state court to a federal district court that would originally have had jurisdiction. 28 U.S.C. § 1441(a). Under the diversity jurisdiction statute, 28 U.S.C. § 1332, which Mercedes relies on in this case, federal district courts have original jurisdiction over actions in which the parties are completely diverse and more than $75,000 is in controversy. *Id.* § 1332(a)(1). To accomplish the removal, the defendant must file a notice in the federal district court, which must contain among other things "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). If the plaintiff later contests these allegations, the defendant must prove the court has jurisdiction. *See Ibarra v. Manheim Investment, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). When a complaint does not include allegations that would show the court has jurisdiction (or it is ambiguous), the defendant must show the relevant jurisdictional requirements are satisfied by a preponderance of the evidence. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

Mercedes has demonstrated by a preponderance of the evidence that the parties are

completely diverse and that more than $75,000 is in controversy. First, it has offered unrebutted evidence to show the defendants are citizens of states other than California. (*See* Doc. 1 at 8.)

Second, it has demonstrated that Leva is a citizen of California: he has a California driver's license with a California address (Doc. 1-7 at 2), he is an officer of a California company and is registered as an agent for several California entities (Docs. 1 at 7; 1-8 at 2; 1-9 at 2–3; 1-10 at 2–3), the financing agreement and other purchasing documents for the allegedly defective SUV show his address is in California (Docs. 1-5 at 2; 1-6 at 2), and he recently filed a public health complaint in Kern County (Doc. 7 at 8 & n.3). No evidence shows Leva has contacts with any other state or country outside of the United States, and he does not deny that he is a citizen of California.

Third, Mercedes has demonstrated that Leva agreed to pay more than $300,000 for the SUV in 2021, including a $100,000 down payment. (Doc. 1-5 at 2.) Mercedes has also offered evidence that the SUV's value on the private market is likely to be about $100,000 today. (*See* Doc. 7-1 at 2, 4.) Leva has specifically requested "replacement or restitution," both "incidental" and "consequential" damages, a civil penalty equal to twice his actual damages, and an award of reasonable "attorneys' fees." It is appropriate to consider all of these requests in a case based on the Song-Beverly Act. Courts within the Ninth Circuit and this district have found that they have jurisdiction in much closer cases than this. *See, e.g.*, *Quinonez v. FCA US LLC*, No. 19-2032, 2020 WL 3397565, at *3–4 (E.D. Cal. June 19, 2020) citing *Bernstein v. BMW of N. Am.*, No. 18-01801, 2018 WL 2210683 at *2, (N.D. Cal. May 15, 2018)).

Leva urges the court to remand the case even if it has jurisdiction, citing federal-state comity and fairness. (*See* Doc. 6 at 13–15.) California federal district courts have repeatedly rejected arguments like those Leva now makes. *See, e.g.*, *Sanchez v. Nissan N. Am., Inc.*, No. 25-00083, 2025 WL 2102168, at *4 (E.D. Cal. July 28, 2025) (collecting authority and rejecting arguments based on *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 546 U.S. 308 (2005)); *Quinonez*, 2020 WL 3397565, at *4. A claim based on the Song-Beverly Act is a "'relatively well-defined and limited claim' under California law and therefore does not involve the type of 'complex' or 'novel' issues that typically merits remand." *Sanchez*, 2025 WL

2102168, at *4 (quoting *Lee v. FCA US, LLC*, No. 16-5190, 2016 WL 11516754, at *4 (C.D. Cal. Nov. 7, 2016)).  This case is unlike the narrow class of cases in which principles of federal-state comity have justified any limits on a federal court's jurisdiction.  *See, e.g.*, *Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916, 932–35 (9th Cir. 2024) (summarizing and applying relevant law).  Leva cites no cases in which any court has accepted comity arguments like those he now advances, and the Court is aware of none.  The orders he cites rely instead on the well-known rules that a federal court must use to decide whether a defendant has carried its burden in response to a motion to remand.  (*See* Doc. 6-3.)

What remains then are Leva's arguments about Mercedes's election to comply with provisions added to the Song-Beverly Act in 2025.  *See* 2024 Cal. Stats. Ch. 938 (A.B. 1755); 2025 Cal. Stats. Ch. 1 (S.B. 26).  He first contends that these new provisions deprive this Court of jurisdiction now that Mercedes has elected to comply with them.  (*See* Doc. 6 at 6–7.)  His reasoning is unclear.  The Court has jurisdiction under the plain terms of 28 U.S.C. §§ 1441 and 1332.  Even if California law provided otherwise—and, to be clear, Leva has not demonstrated that it does—the federal Constitution and federal statutes are "the supreme Law of the Land," so they would be controlling.  U.S. Const. Art. VI, cl. 2.  Federal courts also have a heavy obligation to exercise the jurisdiction that Congress has given them.  *See Mata v. Lynch*, 576 U.S. 143, 150 (2015).  A federal district court can decline to exercise its jurisdiction based only on a few "narrow exceptions."  *First Choice Women's Res. Centers, Inc. v. Davenport*, 146 S. Ct. 1114, 1126 (2026); *cf., e.g.*, *Peridot Tree*, 94 F.4th at 926–32 (summarizing and applying several abstention doctrines).  Leva has not argued or demonstrated that this case falls within any of these exceptions.

Relatedly, Leva argues that Mercedes should be judicially estopped from removing this case in light of its election to comply with the new state provisions.  (*See* Doc. 6 at 7–9.)  "Judicial estoppel is an equitable doctrine invoked by a court at its discretion."  *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013) (alteration omitted) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)).  "Its purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the

4

exigencies of the moment." *Id.* (quoting *New Hamsphire*, 532 U.S. at 749–50). In federal court, "several factors typically inform the decision whether to apply the doctrine in a particular case."

(1)    Whether the party has taken "clearly inconsistent" positions.

(2)    Whether the party persuaded a court to accept the earlier position.

(3)    "[W]hether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

*New Hampshire*, 532 U.S. at 750–51. "Additional considerations may inform the doctrine's application in specific factual contexts." *Id.* at 751.

These factors do not weigh in favor of enforcing the judicial estoppel rule here. Most fundamentally, Mercedes has not taken clearly inconsistent positions. On the one hand, it has elected to follow a new system for claims under the Song-Beverly Act, which includes several provisions, from statutes of limitations to pre-litigation notice and demand requirements. *See, e.g.*, Cal. Sen. Judiciary Committee Rep. on S.B. 26 at (Feb. 6, 2025); Cal. Assem. Judicial Committee Rep. on AB 1755 (Aug. 26, 2024). On the other hand, Mercedes has invoked this court's jurisdiction and with it the federal procedural rules. There is no clear or obvious inconsistency between these positions. Conflicts could arise between state and federal procedural rules in just about any case that a defendant removes. Even if there were an inconsistency, Leva has not identified any case in which Mercedes has persuaded a court to accept a different argument. It is also unclear what advantage Mercedes will gain or what detriment it will impose beyond those it would gain or impose in any removed case. Leva states only briefly and without elaboration that the removal was a "delay tactic" and "forum shopping." (Doc. 6 at 9.)

An additional consideration also weighs in the balance here. It may be that some ostensibly "procedural" rules for claims under the Song-Beverly Act are actually "substantive." If so, they might apply in federal court, just as they would in a state court. But that would not be a result of any discretionary estoppel doctrine. *Cf., e.g.*, *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970–73 (9th Cir. 1999) (holding that some of California's anti-SLAPP statute applies in federal court under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64

(1938)).  The parties have not raised this issue.  The Court does not reach it.  Its existence nevertheless weighs against the use of estoppel doctrines.

**CONCLUSION**

The motion to remand (Doc. 6) is **DENIED**.

IT IS SO ORDERED.

Dated:    **June 12, 2026**

UNITED STATES DISTRICT JUDGE